**FILED**
**JUNE 22, 2023**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 38258-3-III |
| Respondent, | ) | (Consolidated with |
| | ) | No. 39142-6-III) |
| v. | ) | |
| | ) | |
| JEREMY MICHAEL RAMIREZ, | ) | |
| | ) | UNPUBLISHED OPINION |
| Appellant. | ) | |

STAAB, J. — Jeremy Ramirez assigns error to his offender score and argues that

we should remand for resentencing pursuant to *State v. Blake*.[1] In the alternative,

Ramirez argues that we should remand for resentencing because the court erred when it

did not consider his youth at sentencing. The State concedes that Ramirez should be

resentenced pursuant to *Blake*. We agree and remand for a full resentencing.

BACKGROUND

Ramirez pleaded guilty to one count of first degree assault in 2012. At the same

time, Ramirez pleaded guilty to one count of first degree burglary and one count of first

---

[1] 197 Wn.2d 170, 481 P.3d 521 (2021).

degree robbery. Ramirez was 19 years old at the time. Ramirez's offender score was

"9+" and his criminal history included a prior juvenile drug possession conviction.

Ramirez's criminal history also included ten other juvenile convictions.

The sentencing court imposed 399 months of incarceration.

Ramirez appeals in light of *Blake*.[2]

## ANALYSIS

Ramirez argues that he is entitled to resentencing because his criminal history

includes a now-void drug possession conviction. We agree.

In 2021, the Washington Supreme Court decided *State v. Blake*, 197 Wn.2d 170,

481 P.3d 521 (2021). *Blake* held that former RCW 69.50.4013 (2017), which

criminalized possession of a controlled substance, violated state and federal due process

clauses and was therefore unconstitutional. 197 Wn.2d at 183-86.

Ramirez's criminal history includes a now void juvenile drug possession

conviction. Removing the void conviction will reduce Ramirez's offender score,

although the extent of the reduction is not clear from the record. However, given that

Ramirez's offender score could be affected, we vacate his sentence and remand for a full

---

[2] Ramirez's motion for an extension of time to file the appeal was granted pursuant to RAP 18.8(b).

No. 38258-3-III (Consolidated with 39142-6-III)
*State v. Ramirez*

resentencing. *See State v. Kinsey*, No. 37737-7-III, slip op. at 2 (Wash. Ct. App. Dec. 21, 2021) (unpublished) https://www.courts.wa.gov/opinions/pdf/377377_unp.pdf.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, J.

WE CONCUR:

_____
Fearing, C.J.

_____
Siddoway, J.

3